KENNETH SEGAL;                          )
ADAM SEGAL, as Trustee for              )   Civil Action
  and on Behalf of the Karen            )   No. 07-CV-04647
  and Kenneth Segal Descendents         )
  Trust; and                            )
SEGAL AND MOREL, INC.,                  )
                                        )
            Plaintiffs                  )
                                        )
       vs.                              )
                                        )
STRAUSSER ENTERPRISES, INC.;            )
GARY STRAUSSER; and                     )
LEONARD MELLON,                         )
                                        )
            Defendants                  )

                   *   *   *

APPEARANCES:

        BRIAN S. PASZAMANT, ESQUIRE
        JAMES T. SMITH, ESQUIRE
            On behalf of Plaintiffs

        GARY NEIL ASTEAK, ESQUIRE
        JOSEPH B. MAYERS, ESQUIRE
            On behalf of Defendants Strausser Enterprises,
            Inc. and Gary Strausser

        JAMES R. KAHN, ESQUIRE
        JONATHAN D. HERBST, ESQUIRE
            On behalf of Defendant Leonard Mellon

                   *   *   *

# O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

　　　　This matter is before the court on Defendants' Joint Motion to Dismiss or Stay Litigation and Compel Arbitration, which motion was filed January 4, 2008 on behalf of all

defendants.  On September 2, 2008 I heard oral argument on the motion to dismiss and took the matter under advisement.  For the reasons that follow, I deny the motion to dismiss.

## JURISDICTION

This action is properly before this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  All plaintiffs are citizens of the State of New Jersey, and all defendants are citizens of the Commonwealth of Pennsylvania.

Specifically, plaintiff Kenneth Segal is a citizen of the State of New Jersey.  Adam Segal, who is a plaintiff in his capacity as the sole trustee and on behalf of the Karen and Kenneth Segal Descendants Trust ("Trust"), is a citizen of the State of New Jersey.  Moreover, all of the Trust's beneficiaries are citizens of New Jersey.  See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007).  Plaintiff Segal and Morel, Inc. ("S&M") is a corporation organized under the laws of the State of New Jersey and maintains its principal place of business in Bridgewater, New Jersey.

Defendant Strausser Enterprises, Inc. ("SEI") is a corporation organized under the laws of Pennsylvania and maintains its principal place of business in Easton, Pennsylvania.  Defendants Gary Strausser ("Strausser") and Leonard Mellon are citizens of the Commonwealth of Pennsylvania. The amount in controversy is in excess of $75,000.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

PROCEDURAL HISTORY

Plaintiffs initiated this action on November 5, 2007 by filing a four-count civil Complaint against SEI, Strausser and SEI's attorney, Leonard Mellon. The Complaint alleges four state-law claims: tortious interference with contract (Count I), tortious interference with prospective contractual relations (Count II), malicious prosecution under the Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8354 (Count III), and abuse of process (Count IV).

The action arises from purchase agreements whereby plaintiff S&M contracted to purchase several parcels of land from defendant SEI. At issue for purposes of the motion to dismiss is the narrow question of whether plaintiffs are required to submit a dispute involving a "right of first refusal" clause to arbitration pursuant to the purchase agreements.[1]

---

[1] By way of background, I note that according to the Complaint, S&M assigned all rights and obligations arising under the purchase agreements and subsequent amendments to several limited liability companies (the "S&M LLCs") of which plaintiff Kenneth Segal and the Trust are the only members. Plaintiffs allege that on December 21, 2005, Kenneth Segal and the Trust (collectively the "Segal sellers") contracted to sell their interests in the S&M LLCs to K. Hovnanian Pennsylvania Acquisitions, LLC, by way of a sales agreement that took several months to negotiate and finalize ("the Hovnanian agreement").

(Footnote 1 continued):

On January 4, 2008, defendants filed the within Joint Motion to Dismiss or Stay Litigation and Compel Arbitration, which seeks to dismiss the Complaint in its entirety.  Defendants filed a supplemental memorandum in support of their motion to dismiss on January 9, 2008.  The motion avers that the lawsuit arises from a contract which contains a mandatory arbitration clause, and therefore the Complaint should be dismissed and the case remanded for arbitration.  Plaintiffs filed their response in opposition to the joint motion to dismiss on January 31, 2008. Numerous reply briefs and supplemental memoranda have been filed, as set forth in the accompanying Order.

By letter dated August 29, 2008, the Strausser

---

(<u>Continuation of footnote 1</u>):

        Plaintiffs allege that the Segal sellers attempted to meet with defendants SEI and Strausser to discuss the sale of memberships in the S&M LLCs to Hovnanian, but that, in an attempt to interfere with the sale to Hovnanian and to gain leverage by which to gain monetary concessions from the Segal sellers, Strausser and other SEI representatives refused to meet with the Segal sellers.  The Complaint further alleges that two days prior to closing on the Hovnanian agreement, SEI, through its attorney, defendant Mellon, filed a lawsuit in the Court of Common Pleas of Northampton County, Pennsylvania to stop the transfer of the properties based on a right of first refusal, as well as a notice of entry of lis pendens against the property.

        As a result of the lis pendens, plaintiffs allege that Hovnanian refused to proceed with the closing.  Plaintiffs aver that SEI and Strausser refused to withdraw the lis pendens, and Hovnanian terminated the Hovnanian agreement because the Segal sellers were unable to provide good title to the properties.

        The Complaint alleges that the filing of the Northampton County lawsuit was frivolous and in bad faith because defendants SEI, Strausser and Mellon all knew that the purchase agreements had binding arbitration clauses, and the transaction with Hovnanian did not trigger the right of first refusal clauses; and SEI and Strausser lacked the financial ability to exercise the rights of first refusal, even if properly triggered.

defendants withdrew their support for the motion to dismiss. Therefore, the motion to dismiss is operative on behalf of defendant Mellon only.

On September 2, 2008, I heard oral argument on the motion to dismiss and took the matter under advisement.

By Order dated September 26, 2008, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I converted the motion to dismiss to a motion for summary judgment on the issue of arbitrability because evaluation of the motion to dismiss requires consideration of materials outside the pleadings.[2] Accordingly, the applicable standard of review is the summary

---

[2] Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).

Specifically, I concluded that neither plaintiffs' Complaint nor the exhibits attached to it addressed the issue of whether the defendants previously took a position that is inconsistent with the position advanced in its motion to dismiss. I concluded that the matters requiring consideration by the court include, but are not limited to, documents attached to plaintiffs' response to the motion to dismiss (specifically, excerpts from the transcripts of two arbitration hearings and a letter authored by former counsel to defendants Strausser and SEI). These documents are not part of the pleadings, public records, part of the "record of the case", or subject to judicial notice. See Fed.R.Civ.P. 7(a). Nevertheless, they have been presented by plaintiffs and are necessary for the court to fully evaluate the motion to dismiss and plaintiffs' estoppel argument.

Additionally, by that Order I incorporated into the record for purposes of this motion all relevant testimony and evidence presented at the hearing on plaintiffs' motion for sanctions, which is pending separately before the court, and permitted the parties to supplement their filings on the issue of arbitrability on or before October 10, 2008.

judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure, set forth below. However, because the motion is styled a "motion to dismiss", herein I continue to refer to it as a motion to dismiss.

Hence this Opinion.

PARTIES' CONTENTIONS

Defendant's Contentions

Defendant Mellon contends that the parties entered valid, enforceable arbitration agreements concerning the subject matter of this action, and therefore this action should be dismissed or, in the alternative, stayed pending resolution of the arbitration. Defendant avers that plaintiffs' Complaint concedes that the arbitration agreement is valid. Moreover, defendant asserts that the monetary claims raised in this action are within the scope of the arbitration agreements because they arise from SEI's assertion of its right of first refusal, which is part of the purchase agreements. Defendant further contends that, as SEI's attorney, he is SEI's agent and therefore may invoke the arbitration provision despite the fact that he was not a signatory to the purchase agreements.

In response to plaintiffs' contention that defendant is judicially and equitably estopped from invoking the arbitration provision, defendant avers that he has not taken inconsistent positions in bad faith, and has not obtained an unfair advantage

or undermined the authority of the court.  Additionally, he contends that judicial estoppel is a harsh remedy which is not warranted in this case because, to the extent defendants have asserted inconsistent positions, no miscarriage of justice will result from requiring plaintiffs to proceed in arbitration.

### Plaintiffs' Contentions

Plaintiffs contend that defendant is judicially and equitably estopped from pursuing his motion to dismiss because he previously took the position that the issues raised in plaintiffs' Complaint should be brought in court, rather than in arbitration.  Specifically, plaintiffs aver that when the underlying action was brought in arbitration, S&M pursued a claim against defendant SEI (known as "Count XIII" of the arbitration complaint) seeking damages for legal fees incurred as a result of SEI's allegedly frivolous filing of the Northampton County action.

Plaintiffs contend that, at the time of the arbitration, defendants argued that Count XIII could not be pursued in arbitration but had to be pursued in court. Plaintiffs aver that, as a result, S&M withdrew Count XIII from the arbitration with an understanding that it would be pursued in court.  They assert that they detrimentally relied on defendants' prior agreement that Count XIII should be addressed in court, and that because the underlying arbitration is effectively complete,

arbitration of the claims at issue in this lawsuit would require a new arbitration process.

In the alternative, plaintiffs contend that their claims are outside the scope of the arbitration provisions because they do not arise from any of the terms of the purchase agreements. Moreover, plaintiffs aver that the Segal sellers were not signatories to the agreements and therefore are not bound by the arbitration provisions. Specifically, plaintiffs contend that the S&M LLCs, not the Segal sellers, were assigned the rights and obligations of the purchase agreements and amendments.

## STANDARD OF REVIEW

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003). Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. Anderson,

477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-858 (3d Cir. 2000). Plaintiffs cannot avert summary judgment with speculation or by resting on the allegations in their pleadings, but rather they must present competent evidence from which a jury could reasonably find in their favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

## FACTS

Based upon the pleadings, record papers, exhibits, and all relevant testimony and evidence presented at the hearing on plaintiffs' motion for sanctions,[3] the pertinent facts for purposes of the within motion to dismiss are as follows.[4]

On February 13, 2006, SEI, by and through its attorney,

---

[3] Pending separately before the court is Plaintiffs' Motion for Sanctions Against Defendants and Their Counsel Pursuant to Rule 11 of the Federal Rules of Civil Procedure. On September 2, 2008 and September 22, 2008, I presided over a hearing on the motion for sanctions, with closing arguments before me on October 27, 2008. As noted above in footnote 2, by Order dated September 26, 2008, I incorporated the record from that hearing into the record for purposes of this motion to dismiss.

[4] As noted above, only the narrow question of whether plaintiffs are required to submit their claims to arbitration is at issue in the motion to dismiss. Accordingly, the facts set forth herein are only those facts relevant to the issue of arbitrability.

Leonard Mellon, filed a four-count civil complaint against S&M and Segal and Morel at Forks Township VII, LLC ("S&M VII") in the Court of Common Pleas of Northampton County, Pennsylvania (the "Northampton County action").[5]  Attached to that complaint were, inter alia, three Agreements of Sale between SEI and S&M dated June 11, 2002; April 2003; and July 5, 2001, respectively whereby SEI sold certain parcels of land located in Northampton County, Pennsylvania, to S&M.[6]

In the Northampton County action, SEI alleged that it wished to exercise, pursuant to the Agreements of Sale, its options to buy back those parcels of land, but that S&M would not sell the parcels back to SEI because S&M was in the process of selling the lots to a third party.  Thus, the Northampton County complaint sought to enjoin S&M from conveying those parcels to a third party, and sought to order S&M to sell the parcels back to SEI.

Also on February 13, 2006, SEI, by and through Attorney Mellon, filed a Notice of Entry of Lis Pendens in the Court of Common Pleas of Northampton County, Pennsylvania.  By Order dated February 28, 2006, Judge Paula A. Roscioli of the Court of Common

---

[5] Complaint, Exhibit K.  References herein to the Complaint and attached exhibits refer to plaintiffs' Complaint in this action in federal court, not to the Northampton County action.

[6] The April agreement, as attached to the Northampton County complaint, does not include a specific date of execution.  However, another copy of the April agreement is attached as Exhibit D to plaintiffs' Complaint in this action, and that copy is dated April 25, 2003.

Pleas of Northampton County granted S&M's petition to dismiss the Northampton County action and directed the prothonotary to remove the lis pendens.[7]

On November 21, 2006, Susan Ellis Wild, Esquire, former counsel for SEI, sent a letter to Judge Roscioli (the "Roscioli letter") stating that the parties' disputes which had been the subject of the Northampton County action had been submitted to ongoing arbitration.  The letter requested an emergency hearing before Judge Roscioli on S&M's claim for attorneys' fees.  The Roscioli letter states, in pertinent part: "There are several issues relative to that claim that we believe need to be addressed by the Court, rather than by the arbitration panel, including the most basic issue of whether the panel even has jurisdiction over the attorneys' fees issue (which we contend it does not)."[8]  This referred to Count XIII of Defendant's Amended Complaints Against Plaintiff filed by S&M and S&M VII in arbitration, specifically, a claim for legal fees based upon the allegedly frivolous filing of the Northampton County action.[9]

---

[7]   Complaint, Exhibit Q.

[8]   Plaintiff's Exhibit 3.  References herein to numbered exhibits, such as this, refer to exhibits received into evidence at the hearing on plaintiffs' motion for sanctions discussed above at footnote 3.

[9]   Notes of Testimony of the hearing conducted on September 2, 2008 before me in Philadelphia, Pennsylvania, styled "Hearing before the Honorable James Knoll Gardner[,] United States District Judge" ("N.T. 9/2/08"), at pages 74, 82-84 (testimony of Stephen Pastor, Esquire, former counsel for S&M); see also Plaintiff's Exhibit 1 (Defendant's Amended Complaints Against Plaintiffs).

The parties participated in two arbitration hearings conducted at the Northampton County Bar Association Building in Easton, Pennsylvania, on November 28, 2006 and May 8, 2007, respectively. At the November 28, 2006 arbitration hearing, SEI was represented by Malcolm Gross, Esquire; Susan Ellis Wild, Esquire; and defendant Mellon. S&M was represented by Stephen Pastor, Esquire and Daniel Cohen, Esquire. At the May 8, 2007 arbitration hearing, SEI was represented by Attorney Gross; S&M was represented by Attorneys Pastor and Cohen; and defendant Mellon was also present, on behalf of Gary Strausser.

During the November 28, 2006 arbitration hearing, in response to a panel member's question regarding whether the panel should hear issues related to the lis pendens, Attorney Gross stated that "We believe it belongs before the court."[10] Moreover, at the May 8, 2007 hearing, Attorney Pastor stated that S&M had withdrawn its claim for legal fees set forth in Count XIII because S&M "agreed that it is properly brought in court, as opposed to the panel of arbitrators".[11] As noted above, defendant Mellon was present at both arbitration hearings.

---

[10] Notes of Testimony of the arbitration hearing conducted November 29, 2006 before Thomas L. Walters, Esquire, Joseph A. Corpora, III, Esquire, and Joel M. Scheer, Esquire in Easton, Pennsylvania, styled "Arbitration Hearing" ("N.T. 11/29/06"), at page 175.

[11] Notes of Testimony of the arbitration hearing conducted May 8, 2007 before Thomas L. Walters, Esquire, Joseph A. Corpora, III, Esquire, and Joel M. Scheer, Esquire in Easton, Pennsylvania, styled "Notes of Arbitration" ("N.T. 5/8/07"), at page 49.

DISCUSSION

Judicial estoppel is a judge-made doctrine that "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." Ryan Operations G.P. v. Santiam-Midwest Lumber Company, 81 F.3d 355, 358 (3d Cir. 1996). The doctrine is not intended to eliminate all consistencies; rather, it is designed to prevent litigants from "playing 'fast and loose with the courts'". Id. (quoting Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 513 (3d Cir. 1952)).

The application of judicial estoppel requires three elements. First, the party to be estopped must have taken two positions that are "irreconcilably inconsistent". Second, judicial estoppel is unwarranted unless the party changed his or her position in bad faith, that is, with the intention to play fast and loose with the court. Finally, judicial estoppel must be "tailored to address the harm identified" and must ensure that no lesser sanction would adequately remedy the damage done by the litigant's misconduct. Montrose Medical Group Participting Savings Plan v. Bulger, 243 F.3d 773, 779-780 (3d Cir. 2001) (internal citations omitted).

In this Circuit, judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position. G-I Holdings,

Inc. v. Reliance Insurance Company, ___ F.3d ___, 2009 WL 3416166, at \*9 (3d Cir. Oct. 26, 2009).

A district court need not always conduct an evidentiary hearing before finding the existence of bad faith for judicial estoppel purposes. However, the court must ensure that the party to be estopped has been given a meaningful opportunity to provide an explanation for its changed position. Moreover, although the court may sometimes "discern" bad faith without an evidentiary hearing, "it may not do so if the ultimate finding of bad faith cannot be reached without first resolving genuine disputes as to the underlying facts." Montrose, 243 F.3d at 780 n.5 (internal citations omitted).

A finding of bad faith for judicial estoppel purposes has two elements. First, the litigant to be estopped must have acted in a way that is somehow culpable. Second, because "judicial estoppel is concerned with the relationship between litigants and the legal system, and not with the way that adversaries treat each other", the litigant may not be estopped unless he or she has engaged in culpable behavior vis-à-vis the court. Montrose, 243 F.3d at 780. Thus, judicial estoppel "may not be employed unless a litigant's culpable conduct has assaulted the dignity or authority of the court." Id.

It does not constitute bad faith to take contrary positions in different proceedings "when the initial claim was

never accepted or adopted by a court or agency." Id. However, "where a party assumes a certain position in a legal proceeding, and *succeeds in maintaining that position*, he may not thereafter, simply because his interests have changed, assume a contrary position." Id. (quoting Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 121 (3d Cir. 1992) (emphasis added in Montrose)).

Equitable estoppel is distinct from judicial estoppel in that it focuses on the relationship between the parties to the prior litigation, rather than the parties' relationship with the court. Montrose, 243 F.3d at 779 n.3 (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir. 1988)). In contrast to judicial estoppel, which serves to protect courts, equitable estoppel "protects litigants from unscrupulous opponents who induce a litigant's reliance on a position, then reverse themselves to argue that they win under the opposite scenario." Teledyne Industries, Inc. v. National Labor Relations Board, 911 F.2d 1214, 1220 (6th Cir. 1990).

Equitable estoppel requires privity and detrimental reliance. Montrose, 243 F.3d at 779 n.3; see also Teledyne, 911 F.2d at 1220 , which notes that "A party may invoke equitable estoppel to prevent the opposing party from changing positions if (1) the party was an adverse party in the prior proceeding; (2) the party detrimentally relied on the opponent's prior position;

and (3) the party would now be prejudiced if the opponent changed positions."

Based on the foregoing facts, and drawing all reasonable inferences in plaintiffs' favor, as I am required to do under the foregoing standard of review for purposes of this motion, I conclude that defendant Mellon is equitably estopped from invoking any arbitration clause contained within the underlying purchase agreements.

Although defendant Mellon was not a party to the Northampton County action or the arbitration proceedings in his individual capacity, I consider him to be the same party as SEI for purposes of the within motion because, at the time of the arbitration proceedings and the Northampton County action, he represented SEI.  Attorneys are normally recognized as agents for their clients and are deemed to be the same party as their clients when performing their duties as lawyers within the course and scope of that representation.  See, e.g., Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999).  Therefore, for purposes of this motion, I consider defendant Mellon an adverse party to S&M (plaintiffs here) during the prior proceedings, that is, the Northampton County action and arbitration proceedings. See Montrose, supra; Teledyne, supra.

Moreover, I conclude that plaintiffs detrimentally relied on defendants' statements that they agreed the issues

raised in Count XIII of S&M's arbitration complaint should be addressed in court, rather than in arbitration. As a result of statements made by Attorneys Wild and Gross on behalf of SEI, plaintiffs withdrew Count XIII from the arbitration proceedings and therefore did not pursue their claims arising from the allegedly frivolous filing of the Northampton County action and related lis pendens. Accordingly, I conclude that the requirements of privity and detrimental reliance have been met. Montrose, supra.

Because I conclude that equitable estoppel applies, I need not specifically address whether the elements of judicial estoppel have been met. However, I note that defendant Mellon's attempt to invoke an arbitration clause on his own behalf where his client SEI (the party in interest to the contracts containing the arbitration clause) is no longer seeking to proceed to arbitration, and in light of defendants' changed position on whether plaintiffs' claims may properly be brought in court, indicates the type of "fast and loose" tactics sought to be redressed by the doctrine of judicial estoppel. This court will not countenance such litigation tactics, as they undermine general principles of fair play, substantial justice and due process of law.

Because I conclude that defendant Mellon is equitably estopped from invoking an arbitration clause in this matter, I do

not address plaintiffs' alternative argument that their claims are outside the scope of the arbitration agreements.

## CONCLUSION

For all the foregoing reasons, Defendants' Joint Motion to Dismiss or Stay Litigation and Compel Arbitration is denied.