# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                :
KENNETH SEGAL, et al            :
                                :   CIVIL ACTION NO. 07-4647
            Plaintiffs          :
                                :
       vs.                      :
                                :
STRAUSSER ENTERPRISES, INC., et al :
                                :
            Defendants          :
_____:
```

**MEMORANDUM**

HENRY S. PERKIN                                      October 7, 2010
United States Magistrate Judge

This matter is before the Court on defendants' motions to quash subpoenas issued to Nick Azzolina, Lafayette Ambassador Bank, Salvatore J. Panto, Jr. and Gross McGinley, LLP.[1]  The

---

[1] By way of clarification, this Memorandum addresses the following motions:

> (1) Defendants Strausser Enterprises, Inc. and Gary Strausser's Motion to Quash Plaintiffs' Subpoena Duces Tecum Issued to Nick Azzolina and Motion for Protective Order (Docket No. 125) filed March 9, 2010.
>
> (2) Defendants Strausser Enterprises, Inc. and Gary Strausser's Motion to Quash Plaintiffs' Subpoena Duces Tecum Issued to Lafayette Ambassador Bank and Motion for Protective Order (Docket No. 126) filed March 9, 2010.
>
> (3) Defendants Strausser Enterprises, Inc. and Gary Strausser's Motion to Quash Plaintiffs' Subpoena Duces Tecum Issued to Salvatore J. Panto, Jr. and Motion for Protective Order (Docket No. 127) filed March 9, 2010.
>
> (4) Defendants Strausser Enterprises, Inc. and Gary Strausser's Motion to Quash Plaintiffs' Subpoena Duces Tecum to Gross McGinley, LLP, Motion to Stay Enforcement of the Subpoena, and Motion for Protective Order (Docket No. 165) filed June 3, 2010.

Plaintiffs' motions to compel compliance (Docket Nos. 141, 142, 143, 172) will be disposed of by separate order of the undersigned.

subpoenas, which were served by plaintiffs, seek production of financial documentation pertaining to the defendants. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on these matters.[2]

## JURISDICTION

This action is properly before this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. All plaintiffs are citizens of the State of New Jersey, and all defendants are citizens of the Commonwealth of Pennsylvania. The amount in controversy is in excess of $75,000.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

---

[2] By Standing Order dated March 19, 2007, the Honorable James Knoll Gardner, who is the United States District Judge assigned to this case, has referred all discovery disputes to the attention of the undersigned for resolution.

As a preliminary matter, we note that plaintiffs contend that some of the motions at issue are untimely and were made contrary to the meet and confer requirements of Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rule 26.1(f) of the Local Rules of Civil Procedure. These arguments have been considered, and while the undersigned certainly encourages the parties to always comply with the directives of the rules and this court's own policies and procedures, we will nevertheless decide these motions on the merits.

Further, contrary to plaintiffs' assertions, we conclude that defendants have standing to assert these motions "as a party claiming a personal right or privilege with respect to the subject matter of the subpoenas." City of St. Petersburg v. Total Containment, Inc., 2008 U.S. Dist. LEXIS 36735, at *3 n.3 (E.D. Pa. May 5, 2008)(Stengel, J.)(citations omitted).

FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, Kenneth Segal ("Segal"), Adam Segal, as trustee for and on behalf of the Karen and Kenneth Segal Descendents Trust ("Trust"), and Segal and Morel, Inc. ("S&M") initiated this action on November 5, 2007 by filing a four-count civil Complaint against Strausser Enterprises, Inc. ("SEI"), Gary Strausser ("Strausser") and SEI's attorney, Leonard Mellon ("Mellon"). The Complaint alleges four state-law claims: tortious interference with contract (Count I), tortious interference with prospective contractual relations (Count II), malicious prosecution under the Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8354 (Count III), and abuse of process (Count IV).

According to the Complaint, this action arises from purchase agreements whereby plaintiff S&M contracted to purchase several parcels of land from defendant SEI. SEI retained certain limited rights of first refusal to repurchase some of the parcels under specific contractually defined circumstances.[3]

---

[3] According to the Complaint and the documents attached thereto, two agreements granted rights of first refusal to SEI. The June 11, 2002 Agreement provided, in pertinent part, as follows:

> [S&M] acknowledges that Phase II is a four-year build out and agrees to aggressively market the purchased properties to homebuyers. Should [S&M] be unable to market the properties sucessfully, absent any government imposed moratorium, building an average of 20 units per year over a four (4) year period, it hereby agrees to give [SEI] a right of first refusal to take back the approved and improved lots at the same price continued [sic] herein.

See Complaint, Exhibit B, June 11, 2002 Agreement at § 5.17.4. The April 25, 2003 Agreement provided, in pertinent part, as follows:

3

S&M subsequently assigned all rights and obligations arising under the purchase agreements and subsequent amendments to several limited liability companies (the "S&M LLCs") of which plaintiff Segal and the Trust are the only members. Plaintiffs allege that on December 21, 2005, Segal and the Trust (collectively the "Segal sellers") contracted to sell their interests in the S&M LLCs to K. Hovnanian Pennsylvania Acquisitions, LLC ("Hovnanian"), by way of a sales agreement that took several months to negotiate and finalize ("the Hovnanian agreement").

Plaintiffs allege that the Segal sellers attempted to meet with defendants SEI and Strausser to discuss the sale of memberships in the S&M LLCs to Hovnanian, but that, in an attempt to interfere with the sale to Hovnanian and to gain leverage by which to gain monetary concessions from the Segal sellers, Strausser and other SEI representatives refused to meet with the Segal sellers. The Complaint further alleges that on February 13, 2006, just two days prior to closing on the Hovnanian agreement, SEI, through its attorney, defendant Mellon, filed a

---

> Should [S&M] decide to sell all or some of the lots [S&M] hereby agrees to give [SEI] a right of first refusal to take back the approved and improved lots.

See Complaint, Exhibit D, April 25, 2003 Agreement at § 5.17.4.

Both of these agreements were executed by the seller, SEI, and buyer, S&M. More specifically, the Court notes that Gary J. Stausser, as president for SEI, executed the agreements on behalf of SEI and Kenneth Segal, as president for S&M, executed the agreements on behalf of S&M.

4

lawsuit in the Court of Common Pleas of Northampton County, Pennsylvania to stop the transfer of the properties based on a right of first refusal, as well as a notice of entry of *lis pendens* against the property.

As a result of the *lis pendens*, plaintiffs allege that Hovnanian refused to proceed with the closing. Plaintiffs aver that SEI and Strausser refused to withdraw the *lis pendens*, and Hovnanian terminated the Hovnanian agreement because the Segal sellers were unable to provide good title to the properties.

The Complaint alleges that the filing of the Northampton County lawsuit was frivolous and in bad faith because defendants SEI, Strausser and Mellon all knew that the purchase agreements had binding arbitration clauses; the transaction with Hovnanian did not trigger the right of first refusal clauses; and SEI and Strausser lacked the financial ability to exercise the rights of first refusal, even if properly triggered.

## DISCUSSION

As recently noted by my colleague, the Honorable Jacob P. Hart,

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.' Relevancy is to be broadly construed and is not limited to the precise issues set out in the pleadings.

5

Leeds v. Axis Gloucester City Storage, Civ. A. No. 08-1433, 2009 U.S. Dist. LEXIS 52217 (E.D. Pa. June 16, 2009) (citations omitted).

As set forth above, the plaintiffs allege, *inter alia*, that SEI lacked the financial ability to exercise the rights of first refusal. More specifically, the Complaint avers that

> SEI and Strausser lacked the financial wherewithal to exercise these rights of first refusal. Indeed, in a December 20, 2005, voicemail message to K. Segal, SEI's representative, Panto, advised that SEI was in a "cash flow crunch", and inquired whether, in light of that situation, SEI could delay payment of $210,856 that SEI then owed to the S&M LLCs for certain road improvements performed at the Property.

See Complaint at ¶ 49. Given this theory of liability, we conclude that plaintiffs are entitled to obtain discovery of financial documentation as it pertains to SEI from third parties.[4] Plaintiffs have a right to test this theory of

---

[4] We note that defendants' general assertion of accountant or attorney-client privilege as to documents requested of Nick Azzolina and Gross McGinley, LLP is not sufficient. See In re Grand Jury Subpoena, 274 F.3d 563, 575-576 (3d Cir. 2001) (motion to quash was properly denied because the intervenors failed to present sufficient information with respect to the items to which their claim of privilege attaches); Hurley v. JARC Builders, 164 F.R.D. 39, 40 (E.D. Pa. 1995) (requiring party invoking state statutory accountant-client privilege to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5), which is similar to Fed. R. Civ. P. 26(b)(5)).

As explained by the Third Circuit, the Federal Rules of Civil Procedure specifically provide that:

> When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest

6

liability and need not solely rely on defendants' submissions to do so.

However, we note that the riders attached to the subpoenas issued in this matter attempt to seek financial information, from January 1, 2003 through the present, not only from SEI, but also from Strausser, any Strausser company and SEI's attorney, Mellon. Based on our review of the Complaint and agreements attached thereto, we conclude that the scope of the subpoenas must be limited to financial documentation pertaining to SEI only. As discussed above, both agreements containing rights of first refusal as to SEI were executed by SEI and S&M. Although Gary J. Stausser, as president, executed the agreements on behalf of SEI, he was not a party to the contract and did not bind himself as an individual. Accordingly, we find that any discovery as to Strausser or Mellon individually or as to any of Strausser's other companies would not be relevant at this time.[5]

Further, this Court finds that plaintiffs' request for financial information from January 1, 2003 to the present is too

---

the claim.

In re Grand Jury Subpoena, 274 F.3d at 575 (citing Fed. R. Civ. P. 45(d)(2)). "The operative language is mandatory and, although the rule does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log." Id.

[5] Based on the status of the record at this time, we find it appropriate to limit the scope of the subpoenas to the financial situation of SEI. However, if discovery discloses additional information pertaining to this issue, broader discovery may be permitted in the future.

broad given the assertions made in the Complaint.  As detailed above, the Hovnanian agreement was executed on December 21, 2005.  The Complaint alleges that shortly thereafter, the Segal sellers attempted to meet with SEI and Strausser to discuss the sale of memberships in the S&M LLCs to Hovnanian, but Strausser and other SEI representatives refused to meet with the Segal sellers.  The Complaint further alleges that on February 13, 2006, just two days prior to closing on the Hovnanian agreement, SEI, through its attorney, defendant Mellon, filed a lawsuit in the Court of Common Pleas of Northampton County, Pennsylvania to stop the transfer of the properties based on a right of first refusal, as well as a notice of entry of *lis pendens* against the property.  Based on the foregoing, this Court concludes that the scope of the subpoenas at issue be further limited to the time period of January 1, 2005 through January 1, 2008.  It is the Court's belief that this limitation will give a sufficient financial picture of SEI during the relevant period of time asserted in the Complaint.

Moreover, to address defendants' concerns of confidentiality, this Court will enter an Order limiting the use and disclosure of information obtained in response to these subpoenas.  More specifically, plaintiffs and their counsel shall not disclose the documents or their contents to any non-party, shall not use them for any commercial advantage, and shall limit

their use to this litigation only.

Finally, we note that both parties have made requests for costs and fees associated with these motions.  Neither request will be granted.  With respect to our denial of defendants' request for sanctions, we find persuasive the reasoning set forth by Judge Hart in the case  of <u>Whitmill v. City of Philadelphia</u>, Civ. A. No. 96-5216, 1998 U.S. Dist. LEXIS 13135, at *4-5 (E.D. Pa. August 18, 1998) (denying counsel's request for sanctions because of noncompliance with Local Rule of Civil Procedure 26.1(f)).  With respect to plaintiffs' request, because we find that defendants' alleged failure to comply with the local rules does not demonstrate a pattern of misconduct worthy of sanctions, and because we have determined that these motions had merit, plaintiff's request for sanctions is denied.

An appropriate Order follows.