**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KENNETH SEGAL, et al

        Plaintiffs

vs.

STRAUSSER ENTERPRISES, INC., et al

        Defendants

CIVIL ACTION NO. 07-4647

**MEMORANDUM**

HENRY S. PERKIN                                                            March 1, 2011
United States Magistrate Judge

      This matter is before the Court on plaintiffs' letter motion dated December 1, 2010. See Docket No. 195. The letter motion seeks an order compelling third-party Gross McGinley LLP to produce certain documents identified on an Expanded Privilege Log which have been withheld at the direction of the Strausser defendants pursuant to attorney-client privilege and attorney work product.[1] The letter response of the Strausser Defendants was provided to this Court on December 13, 2010. See Docket No. 196. On December 22, 2010, the undersigned directed that copies of the withheld documents be filed and provided to this Court for *in camera* review. See Docket Nos. 188 and 197. Having reviewed and considered the contentions of the parties, as well as the

---

[1] More specifically, plaintiffs seek production of documents identified as numbers 58, 62, 63, 122, 153, 156, and 164 which were withheld on the basis of attorney-client privilege. Plaintiffs also seek production of documents identified as numbers 82, 91, 92, 93, 97, and 99 which were withheld on the basis of attorney work product.

documents at issue, the Court is prepared to rule on this matter.[2]

## JURISDICTION

This action is properly before this court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. All plaintiffs are citizens of the State of New Jersey, and all defendants are citizens of the Commonwealth of Pennsylvania. The amount in controversy is in excess of $75,000.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs, Kenneth Segal ("Segal"), Adam Segal, as trustee for and on behalf of the Karen and Kenneth Segal Descendents Trust ("Trust"), and Segal and Morel, Inc. ("S&M") initiated this action on November 5, 2007 by filing a four-count civil Complaint against Strausser Enterprises, Inc. ("SEI"), Gary Strausser ("Strausser") and SEI's attorney, Leonard Mellon ("Mellon"). The Complaint alleges four state-law claims: tortious interference with contract (Count I), tortious interference with prospective contractual relations (Count II),

---

[2] By Standing Order dated March 19, 2007, the Honorable James Knoll Gardner, who is the United States District Judge assigned to this case, has referred all discovery disputes to the attention of the undersigned for resolution.

malicious prosecution under the Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8354 (Count III), and abuse of process (Count IV).

According to the Complaint, this action arises from purchase agreements whereby plaintiff S&M contracted to purchase several parcels of land from defendant SEI. SEI retained certain limited rights of first refusal to repurchase some of the parcels under specific contractually defined circumstances.[3]

S&M subsequently assigned all rights and obligations arising under the purchase agreements and subsequent amendments to several limited liability companies (the "S&M LLCs") of which plaintiff Segal and the Trust are the only members. Plaintiffs allege that on December 21, 2005, Segal and the Trust

---

[3] According to the Complaint and the documents attached thereto, two agreements granted rights of first refusal to SEI. The June 11, 2002 Agreement provided, in pertinent part, as follows:

> [S&M] acknowledges that Phase II is a four-year build out and agrees to aggressively market the purchased properties to homebuyers. Should [S&M] be unable to market the properties sucessfully, absent any government imposed moratorium, building an average of 20 units per year over a four (4) year period, it hereby agrees to give [SEI] a right of first refusal to take back the approved and improved lots at the same price continued [sic] herein.

See Complaint, Exhibit B, June 11, 2002 Agreement at § 5.17.4. The April 25, 2003 Agreement provided, in pertinent part, as follows:

> Should [S&M] decide to sell all or some of the lots [S&M] hereby agrees to give [SEI] a right of first refusal to take back the approved and improved lots.

See Complaint, Exhibit D, April 25, 2003 Agreement at § 5.17.4.

Both of these agreements were executed by the seller, SEI, and buyer, S&M. More specifically, the Court notes that Gary J. Stausser, as president for SEI, executed the agreements on behalf of SEI and Kenneth Segal, as president for S&M, executed the agreements on behalf of S&M.

3

(collectively the "Segal sellers") contracted to sell their interests in the S&M LLCs to K. Hovnanian Pennsylvania Acquisitions, LLC ("Hovnanian"), by way of a sales agreement that took several months to negotiate and finalize ("the Hovnanian agreement").

Plaintiffs allege that the Segal sellers attempted to meet with defendants SEI and Strausser to discuss the sale of memberships in the S&M LLCs to Hovnanian, but that, in an attempt to interfere with the sale to Hovnanian and to gain leverage by which to gain monetary concessions from the Segal sellers, Strausser and other SEI representatives refused to meet with the Segal sellers. The Complaint further alleges that on February 13, 2006, just two days prior to closing on the Hovnanian agreement, SEI, through its attorney, defendant Mellon, filed a lawsuit in the Court of Common Pleas of Northampton County, Pennsylvania to stop the transfer of the properties based on a right of first refusal, as well as a notice of entry of *lis pendens* against the property.

As a result of the *lis pendens*, plaintiffs allege that Hovnanian refused to proceed with the closing. Plaintiffs aver that SEI and Strausser refused to withdraw the *lis pendens*, and Hovnanian terminated the Hovnanian agreement because the Segal sellers were unable to provide good title to the properties.

4

The Complaint alleges that the filing of the Northampton County lawsuit was frivolous and in bad faith because defendants SEI, Strausser and Mellon all knew that the purchase agreements had binding arbitration clauses; the transaction with Hovnanian did not trigger the right of first refusal clauses; and SEI and Strausser lacked the financial ability to exercise the rights of first refusal, even if properly triggered. In response to these allegations, the Strausser defendants[4] have asserted an "advice of counsel" defense and acknowledge that they have waived any privilege protection that may have existed with respect to documents and information concerning the advice relied upon in filing the Northampton County lawsuit regarding rights of first refusal and the filing of the *lis pendens*.[5]

## DISCUSSION

According to the United States Court of Appeals for the Third Circuit, "[t]he attorney-client privilege is waived for any relevant communication if the client asserts as a material issue in a proceeding that . . . the client acted upon the advice of a lawyer or that the advice was otherwise relevant to the legal significance of the client's conduct." Livingstone v. North

---

[4] In this Memorandum, "Strausser defendants" refers to Strausser Enterprises, Inc. and Gary Strausser.

[5] At the time of the filing of the Northampton County lawsuit and *lis pendens*, the Strausser defendants were represented by Defendant Leonard Mellon. It is Mr. Mellon's advice that the Strausser defendants assert they relied upon in connection with the filing of the Northampton County lawsuit and *lis pendens*.

5

Belle Vernon Borough, 91 F.3d 515, 537 (3d Cir. 1996). When a party asserts an advice of counsel defense, it waives the attorney-client privilege with respect to "all communication to and from counsel concerning the transaction for which counsel's advice was sought." Applied Telematics, Inc. v. Sprint Corp., No. 94-4603, 1995 U.S. Dist. LEXIS 14061, at *3 (E.D. Pa. Sept. 21, 1995) (citations omitted). A party, however, waives the privilege only with respect to the subject of the advice upon which the party intends to rely on as a defense. Id. (citing W.L. Gore & Associates v. Tetratec Corp., No. 89-3995, 1989 U.S. Dist. LEXIS 14245, at *8 (E.D. Pa. Nov. 27, 1989). The scope of the waiver is determined by the Court. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486-487 (3d Cir. 1995).

<u>Attorney-Client Privilege</u>
<u>Documents 58, 62, 63, 122, 153, 156, and 164</u>

Plaintiffs contend that, based on their review of the privilege log, each of these documents relate to the subject matter for which the Strausser defendants concede they have waived any applicable attorney-client protection. As such, plaintiffs aver that these documents should be produced. However, based on this Court's review of the documents *in camera*, the documents in question do not appear to bear on the advice received by the Strausser defendants, or information exchanged between them and Mr. Mellon, prior to the filing of the Northampton County lawsuit and *lis pendens*.

6

Rather, the documents at issue, which are dated between October 4, 2006 and April 2, 2007, concern communications made between the Strausser defendants and Gross McGinley LLP. As explained by the Strausser defendants in their letter response, Malcolm Gross, Esquire of Gross McGinley LLP served as their attorney during the arbitration of contractual disputes with plaintiffs arising from a contractual relationship related to a separate project, the Riverview Project. Notably, Mr. Gross did not begin his representation of the Strausser defendants until approximately six months after the Northampton County lawsuit and *lis pendens* were filed.[6]

Based on the information provided to this Court, it does not appear that any of the documents in question concern issues surrounding the original filing of the *lis pendens* or Complaint in the Northampton County lawsuit. Moreover, the documents in question do not appear to concern any communications relevant to the litigation prior to the termination of the Hovnanian agreement on February 27, 2006. Accordingly, we deny plaintiffs' letter motion with respect to these documents.

---

[6] As noted in their letter response, the Strausser defendants concede that documents created after the filing of the Northampton County lawsuit and *lis pendens* could be relevant to the advice of counsel defense and subject to waiver to the extent they bear on the advice received by the Strausser defendants and information exchanged with Mr. Mellon prior to the filing of the lawsuit and *lis pendens*. However, such is not the case here. As explained above, the documents in question do not appear to contain such information.

7

## Attorney Work Product
## Documents 82, 91, 92, 93, 97 and 99

Plaintiffs also contend that each of these documents relate to the subject matter for which the Strausser defendants have waived any applicable attorney-client protection. Plaintiffs aver that these documents should be produced as well because work product protection is waived through a party's assertion of an advice of counsel defense. However, because we conclude, based on our *in camera* review and the information provided to this Court, that these documents, which consist solely of internal memoranda between attorneys at Gross McGinley LLP, were not communicated to the Strausser defendants, they are not subject to production.

As detailed by the Strausser defendants in their letter response, plaintiffs are not entitled to work product that was never communicated to the defendants. "[I]f the state of mind of the [defendants] is in issue, papers reflecting the work product of counsel that were not shared with or communicated to the clients are not relevant. Work product that was not communicated to the client cannot affect the client's state of mind."[7] Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 866 (3d Cir. 1994). The documents at issue, which were not conveyed to the Strausser defendants, could have no bearing on their state

---

[7] In this matter, plaintiffs concede in their letter motion that the Strausser defendants have placed their state of mind at issue by advancing the "advice of counsel" defense.

8

of mind or their conduct. Accordingly, we deny plaintiffs' letter motion with respect to these documents.[8]

An appropriate Order follows.

---

[8] As additional support for our denial, we note that the memoranda at issue are dated between August 21, 2006 and November 13, 2006, after the Northampton County lawsuit and *lis pendens* had been filed and after the Hovnanian agreement had been terminated.