<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
KENNETH SEGAL;                      )
ADAM SEGAL, as Trustee for          )   Civil Action
   and on Behalf of the Karen       )   No. 07-cv-04647
   and Kenneth Segal Descendants    )
   Trust; and                       )
SEGAL AND MOREL, INC.,              )
                                    )
              Plaintiffs            )
                                    )
         vs.                        )
                                    )
STRAUSSER ENTERPRISES, INC.;        )
GARY STRAUSSER; and                 )
LEONARD MELLON,                     )
                                    )
              Defendants            )
```

*    *    *

APPEARANCES:

      BRIAN S. PASZAMANT, ESQUIRE
          On behalf of Plaintiffs

      JOHN A. ANASTASIA, ESQUIRE
      JOSEPH B. MAYERS, ESQUIRE
          On behalf of Defendants Strausser Enterprises,
          Inc. and Gary Strausser

      JAMES R. KAHN, ESQUIRE
          On behalf of Defendant Leonard Mellon

*    *    *

<u>O P I N I O N</u>

JAMES KNOLL GARDNER,
United States District Judge

      This matter is before the court on Defendant Leonard Mellon, Esquire's Motion for Reconsideration of the Court's Opinion and Order on Motion to Dismiss or Stay, which motion for reconsideration was filed together with a memorandum in support

on November 30, 2009.  Plaintiffs' Opposition to the Motion of
Defendant Leonard Mellon, Esquire for Reconsideration of the
Court's Opinion and Order on Motion to Dismiss or Stay was filed
December 11, 2009.

For the following reasons, I deny the motion for
reconsideration.

JURISDICTION

This action is properly before this court based on
diversity jurisdiction pursuant to 28 U.S.C. § 1332.  All
plaintiffs are citizens of the State of New Jersey, and all
defendants are citizens of the Commonwealth of Pennsylvania.[1]

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2)
because the events giving rise to plaintiffs' claims allegedly
occurred in Northampton County, Pennsylvania, which is within
this judicial district.

PROCEDURAL HISTORY

Plaintiffs initiated this action on November 5, 2007 by
filing a four-count civil Complaint against Strausser
Enterprises, Inc. ("SEI"), Gary Strausser (collectively,
"Strausser defendants"), and SEI's former attorney, Leonard
Mellon.  The Complaint alleges four Pennsylvania state-law

---

[1]     The citizenship of each party is set forth more fully in my
Opinion in support of an Order denying defendants' joint motion to dismiss,
which Opinion was filed November 19, 2009 (Document 99).  I incorporate that
recitation of citizenship here.

claims: tortious interference with contract (Count I), tortious interference with prospective contractual relations (Count II), malicious prosecution under the Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8354 (Count III), and abuse of process (Count IV).  The action arises from purchase agreements whereby plaintiff Segal and Morel, Inc. ("S&M") contracted to purchase several parcels of land in Northampton County, Pennsylvania from defendant SEI.

On January 4, 2008, defendants filed a Joint Motion to Dismiss or Stay Litigation and Compel Arbitration ("motion to dismiss"), which sought to dismiss the Complaint in its entirety. According to the motion to dismiss, the lawsuit arises from a contract which contains a mandatory arbitration clause, and therefore the Complaint should be dismissed and the case remanded for arbitration.

By letter dated August 29, 2008, the Strasser defendants withdrew their support for the motion to dismiss. Therefore, the motion to dismiss remained operative on behalf of defendant Mellon only.

The matter was fully briefed.  On September 2, 2008, I heard oral argument on the motion to dismiss and took the matter under advisement.

By Order dated September 26, 2008, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I converted the motion to dismiss to a motion for summary judgment on the issue

of arbitrability because evaluation of the motion to dismiss requires consideration of materials outside the pleadings.[2] Accordingly, although I continue to refer to the motion as a "motion to dismiss", the applicable standard of review for purposes of that motion is the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure.

On November 19, 2009, I filed an Order and Opinion denying the motion to dismiss.  In that Opinion, I concluded that defendant Mellon was equitably estopped from arguing that the arbitration clause required dismissal of plaintiffs' Complaint,

---

[2]     Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).

Specifically, I concluded that neither plaintiffs' Complaint nor the exhibits attached to it addressed the issue of whether the defendants previously took a position that is inconsistent with the position advanced in its motion to dismiss.  I concluded that the matters requiring consideration by the court include, but are not limited to, documents attached to plaintiffs' response to the motion to dismiss (specifically, excerpts from the transcripts of two arbitration hearings and a letter authored by former counsel to defendants Strausser and SEI).

These documents are not part of the pleadings, public records, part of the "record of the case", or subject to judicial notice.  See Fed.R.Civ.P. 7(a).  Nevertheless, they have been presented by plaintiffs and are necessary for the court to fully evaluate the motion to dismiss and plaintiffs' estoppel argument.

Additionally, by that Order I incorporated into the record for purposes of this motion all relevant testimony and evidence presented at the hearing on plaintiffs' motion for sanctions, which is pending separately before the court, and permitted the parties to supplement their filings on the issue of arbitrability on or before October 10, 2008.

-4-

because his client SEI had taken the opposite position in an earlier proceeding.

Specifically, I concluded that SEI, through its former counsel, had represented to Northampton County Court of Common Pleas Judge Paula A. Roscioli that it believed S&M's claim for attorneys' fees[3] could not be submitted to arbitration, but rather should be heard in court.  SEI's attorneys also represented in an arbitration hearing, at which Attorney Mellon

---

[3]      As discussed more fully in my November 19, 2009 Opinion, the Complaint alleges that S&M assigned all rights and obligations arising under the purchase agreements and subsequent amendments to several limited liability companies (the "S&M LLCs"), of which plaintiff Kenneth Segal and the Karen and Kenneth Segal Descendants Trust are the only members.  Plaintiffs allege that on December 21, 2005, Kenneth Segal and the Trust (collectively the "Segal sellers") contracted to sell their interests in the S&M LLCs to K. Hovnanian Pennsylvania Acquisitions, LLC ("Hovnanian"), by way of a sales agreement that took several months to negotiate and finalize ("the Hovnanian agreement").

Plaintiffs allege that two days before the closing on the Hovnanian agreement, SEI filed an action in the Court of Common Pleas of Northampton County, Pennsylvania to stop the transfer of the properties based on a right of first refusal provision, together with a notice of entry of lis pendens, in order to interfere with the Hovnanian agreement.

Specifically, according to plaintiffs' Complaint here, SEI contended in the Northampton County action that it wished to exercise its right of first refusal and buy back parcels of land which were in the process of being sold to Hovnanian.  Therefore SEI sought an injunction preventing the sale to Hovnanian and requiring S&M to sell the parcels back to SEI.

Plaintiffs here also allege that Northampton County Court of Common Pleas Judge Roscioli granted their motion to dismiss the Northampton County lawsuit and directed the prothonotary to remove the lis pendens. However, the gravamen of plaintiffs' federal Complaint is that because of the lis pendens, the Hovnanian agreement fell through, causing plaintiffs to incur damages.

Subsequently, the parties submitted the disputes which had given rise to the Northampton County action to arbitration.  This included a claim by S&M and one of the S&M LLCs against SEI for legal fees incurred in defending the Northampton County action, which plaintiffs here contend had been frivolously filed.  That claim for fees is referred to as "Count XIII" of the complaint in arbitration.  Plaintiffs subsequently withdrew Count XIII from the arbitration proceeding, and it effectively forms the basis of this lawsuit.

-5-

was present, that issues arising from the lis pendens, including plaintiffs' claim for attorneys' fees, should be heard in court and not in the arbitration proceeding.

In my November 19, 2009 Opinion, I concluded that although Attorney Mellon was not a party to the Northampton County action or the arbitration proceedings in his individual capacity, he is the same party as SEI for purposes of his motion to dismiss because he represented SEI at the time of those proceedings.[4]  Moreover, I concluded that by withdrawing Count XIII from the arbitration complaint, plaintiffs had detrimentally relied on defendants' statements that defendants agreed that the issues raised in Count XIII of the arbitration complaint should be addressed in court, rather than arbitration.

Accordingly, I concluded that, for purposes of equitable estoppel, the elements of privity and detrimental reliance had been met.  Montrose Medical Group Participting Savings Plan v. Bulger, 243 F.3d 773, 779 n.3 (3d Cir. 2001).[5]

---

[4]     Specifically, I noted that attorneys are normally recognized as agents for their clients and are deemed to be the same party as their clients when performing their duties as lawyers within the course and scope of that representation.  See, e.g., Heffernan v. Hunter, 189 F.3d 405, 413 (3d Cir. 1999).  (Opinion at 16.)

[5]     Equitable estoppel "protects litigants from unscrupulous opponents who induce a litigant's reliance on a position, then reverse themselves to argue that they win under the opposite scenario."  Teledyne Industries, Inc. v. National Labor Relations Board, 911 F.2d 1214, 1220 (6th Cir. 1990).

In this context, I concluded that SEI's earlier position (that the claims at issue in this case should be heard in court, not in arbitration) was attributable to Attorney Mellon as SEI's agent, therefore satisfying the

(Footnote 5 continued):

Therefore, I held that defendant Mellon was equitably estopped in this action from invoking any arbitration clause in the underlying purchase agreements.[6]

On November 30, 2009, defendant Mellon filed a motion for reconsideration of my November 19, 2009 Order and Opinion. Plaintiffs responded in opposition on December 11, 2009.

I conducted oral argument on the motion for reconsideration on January 13, 2010 and took the motion under advisement.   Hence this Opinion.

<u>STANDARD OF REVIEW</u>

Rule 7.1(g) of the Rules of Civil Procedure for the United States District Court for the Eastern District of

---

(<u>Continuation of footnote 5</u>):

privity element, and that plaintiffs had detrimentally relied on that position by withdrawing Count XIII from the arbitration proceeding.   Accordingly, I concluded that defendant Mellon could not argue, in this lawsuit, that plaintiffs' claims should be arbitrated rather than heard in court.

[6]     Plaintiffs also argued that the motion to dismiss should be denied on the basis of judicial estoppel, which is also designed to "prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding."  <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Company</u>, 81 F.3d 355, 358 (3d Cir. 1996). However, while the doctrine of equitable estoppel focuses on the relationship between the parties, the doctrine of judicial estoppel focuses on the relationship between the parties and the court.   Judicial estoppel "is not intended to eliminate all consistencies; rather, it is designed to prevent litigants from "playing 'fast and loose' with the courts'". <u>Id.</u> (quoting <u>Scarano v. Central R. Co. of New Jersey</u>, 203 F.2d 510, 513 (3d Cir. 1952)).

Because I concluded that Attorney Mellon was equitably estopped from invoking the arbitration provision, I did not specifically address whether the elements of judicial estoppel had been met.   However, I noted that to the extent his attempt to invoke the arbitration clause may indicate the kind of "fast and loose" tactics sought to be redressed by the doctrine, such tactics undermine general principles of fair play, substantial justice and due process of law.   (Opinion at 17.)

-7-

Pennsylvania permits a party to file a motion for

reconsideration.  The purpose of such motion

> is to correct manifest errors of law or fact or to
> present newly discovered evidence....Courts will
> reconsider an issue only when there has been an
> intervening change in the controlling law, when
> new evidence has become available, or when there
> is a need to correct a clear error or prevent
> manifest injustice.  Mere dissatisfaction with the
> Court's ruling is not a proper basis for
> reconsideration.

Burger King Corporation v. New England Hood and Duct Cleaning

Company, 2000 U.S.Dist. LEXIS 1022, at *4-5 (E.D.Pa. Feb. 4,

2000)(Bechtle, S.J.) (internal quotations omitted).

        The party seeking reconsideration bears the burden of

showing at least one of those grounds.  Max's Seafood Café ex

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999).

        Where the grounds for the motion for reconsideration

are to correct a manifest injustice, "the party must persuade the

court that not only was the prior decision wrong, 'but that it

was clearly wrong and that adherence to the decision would create

a manifest injustice.'"  Payne v. DeLuca, 2006 U.S.Dist. LEXIS

89251, at *5-6 (W.D.Pa. Dec. 11, 2006) (Hardiman, J.) (quoting

In re City of Philadelphia Litigation, 158 F.3d 711, 718, 720-721

(3d Cir. 1998)).

CONTENTIONS OF THE PARTIES

Contentions of Defendant Mellon

Defendant Mellon contends that reconsideration is warranted for three reasons.  First, he argues that there was no detrimental reliance and that plaintiffs are actually pursuing remedies in arbitration.  In support of this contention, he relies on a letter to me dated July 23, 2009 from James R. Kahn, Esquire, counsel for defendant Mellon ("Kahn letter").  In that letter, which was presented while the motion to dismiss was under advisement, Attorney Kahn asserted that arbitration proceedings between plaintiffs and SEI remained ongoing.

Attached to the Kahn letter is a letter dated July 16, 2009 from L. Stephen Pastor, Esquire, former counsel for S&M, to the three arbitrators who were hearing the disputes ("Pastor letter").[7]  The Pastor letter states, in relevant part, that plaintiffs "have plead and preserved [S&M's] right to seek legal fees from Strausser on this and several other causes of action.  We will be pursuing such claims."[8]

In the Kahn letter, Attorney Mellon, through his counsel, concedes that the precise nature of the claims referred

_____

[7]    Specifically, the Pastor letter was addressed to Thomas L. Walters, Esquire; Joel M. Scheer, Esquire; and Joseph A. Corpora, III, Esquire.

[8]    The Kahn and Pastor letters, together with the cover page of the transcript of the September 2, 2008 hearing before me, are collectively attached to the motion for reconsideration as Exhibit A.

-9-

to in the Pastor letter is unclear.  However, he asserts that they could include the same claims asserted in this federal action, or are at least closely related to the federal claims. Moreover, the Kahn letter argues that, in any event, the Pastor letter demonstrates that arbitration between the parties remains ongoing and is not, as characterized by plaintiffs, effectively complete.

Accordingly, Attorney Mellon contends that I erred in concluding that plaintiffs relied to their detriment on defendants' statements that the issue of legal fees should be brought in court.  He also contends that the issue can still be raised in arbitration.

Moreover, defendant Mellon contends that plaintiffs have moved to dismiss certain counterclaims raised by defendant SEI partly on the basis that those counterclaims are subject to arbitration.  He avers that plaintiffs' attempt to arbitrate some issues shows that they have not detrimentally relied, because they could pursue all of their claims in arbitration.

Second, defendant Mellon contends that he never personally stated a position with regard to whether plaintiffs claims originally could be heard in arbitration.  He avers that, therefore, he has not changed position at all, and therefore there is no bad faith.

-10-

He also avers that my November 19, 2009 Opinion misinterprets the Strausser defendants' position on the motion to dismiss, from which they withdrew for strategic reasons. Attorney Mellon contends that the Strausser defendants' withdrawal from the motion to dismiss does not evidence any change in their position within this lawsuit (that is, they continue to maintain that arbitration is warranted but decided as a tactical matter not to pursue that issue in the motion to dismiss).

Third, defendant Mellon contends that neither the doctrine of judicial estoppel nor the doctrine of equitable estoppel should be applied here. Specifically, Attorney Mellon contends that my ruling "creates a very troublesome rule" by requiring an attorney to challenge his client's position in order to protect his own rights in the event of later litigation asserted against him personally. Therefore, he contends that, to the extent SEI's positions could be construed as inconsistent, the earlier position should not be attributable to him.

<u>Contentions of Plaintiffs</u>

Plaintiffs contend that defendant Mellon's motion for reconsideration is nothing more than an attempt to obtain another "bite at the apple" and that reconsideration is not warranted.

First, plaintiffs assert that there is no new evidence having any bearing on the conclusions reached in the Opinion, and

that to the extent arbitration remains ongoing, the claims in
such arbitration (including attorneys' fees) have nothing to do
with the claims in this case.  Rather, plaintiffs aver that the
present arbitration is related to a dispute arising from the
construction of a recreation center.[9]

Plaintiffs also contend that their position on whether
counterclaims recently asserted by SEI should be pursued in
arbitration is unrelated to the question of whether their claims
for attorneys' fees arising from the Northampton County action
should be pursued in arbitration.

Second, plaintiffs contend that defendant Mellon has
identified no clear error of law which would warrant
reconsideration.  They aver that defendant Mellon's argument
(that SEI's original position is not attributable to him) is not
a new argument.  Rather, it was argued previously and rejected in
my Opinion.

---

[9]      In support of this argument, plaintiffs attach a letter dated
July 28, 2009 to me from plaintiffs' counsel, James T. Smith, Esquire
("Smith letter"), which serves as a response to the Kahn letter.  The Smith
letter is attached to plaintiffs' response to the motion for reconsideration
as Exhibit AA.  It asserts that the Pastor letter does not undermine
plaintiffs' position that the arbitration of issues giving rise to this
litigation is effectively over.

Rather, plaintiffs contend, the Pastor letter refers to an
arbitration proceeding on a separate dispute between the parties having to do
with construction of a recreation center, and not to an arbitration proceeding
having to do with the instant dispute.  Moreover, the Smith letter asserts
that at the September 2, 2008 hearing on the motion to dismiss, Attorney
Pastor testified that the only aspect of the S&M/SEI arbitration pending at
that time related to that construction.

-12-

Plaintiffs argue that, rather than identifying this as a clear error of law, defendant Mellon is merely attempting to rehash his earlier argument.  Moreover, plaintiffs assert that there is nothing controversial about my conclusion that, as SEI's agent, Attorney Mellon is bound by the positions taken by his clients.

Finally, to the extent the Opinion creates a "troublesome rule", as characterized by defendant Mellon, plaintiffs aver that no such effect constitutes any of the narrow grounds upon which a party may prevail on a motion for reconsideration.  Therefore, they argue that the motion should be denied.

<u>DISCUSSION</u>

As discussed above, reconsideration is appropriate only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice. <u>Burger King</u>, 2000 U.S.Dist. LEXIS 1022, at *4-5.

Although defendant Mellon's motion for reconsideration and brief in support argue that reconsideration is warranted for several reasons, as discussed above, neither the motion nor the brief discusses the applicable legal standard.  Indeed, his brief cites case law only in two brief footnotes, neither of which addresses reconsideration.  Therefore, the motion could be denied

-13-

for failure to adequately brief the legal issues identified in the motion, pursuant to Rule 7.1(c) of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania ("Local Rules").[10]

Although the motion does not contain fully developed legal argument regarding the applicable case law, it does discuss the relevant facts giving rise to the request for reconsideration, and I am able to determine defendant Mellon's legal contentions.  Therefore, I will consider the motion on its merits.

Defendant Mellon does not contend that there has been any intervening change in controlling law.  Rather, he appears to contend that there is new evidence which was not available at the time of the hearing and oral argument on his motion to dismiss,

---

[10]   Local Rule 7.1(c) requires that a motion "shall be accompanied by a brief [or memorandum of law] containing a concise statement and the legal contentions and authorities relied upon in support of the motion." E.D.Pa.R.Civ.P. 7.1(c).  A motion may be denied solely on the basis of insufficient briefing.  See Purcell v. Universal Bank, N.A., 2003 U.S.Dist.LEXIS 547 (E.D.Pa., Jan. 3, 2003)(Van Antwerpen, J.).

In this district, all litigants are expected to address substantive matters in a meaningful manner.

> Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice.  Any brief in opposition or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable.

Copenhaver v. Borough of Bernville, 2003 U.S.Dist. LEXIS 1315 (E.D.Pa. Jan. 9, 2003)(Rufe, J.).

-14-

i.e., the Pastor letter.[11]  Moreover, he contends that my

November 19, 2009 Opinion creates a manifest injustice to the

extent it holds that Attorney Mellon is equitably estopped from

invoking the arbitration provisions in this case, and to the

extent it suggests that the policies underlying the doctrine of

judicial estoppel may be implicated in addition to the doctrine

of equitable estoppel.  I address each contention in turn.

<u>New Evidence</u>

Reconsideration for purposes of considering new

evidence is appropriate when the new evidence "differs materially

from the evidence of record when the issue was first decided and

if it provides less support for that decision."  Hamilton v.

Leavy, 322 F.3d 776, 787 (3d Cir. 2003).  Similarly, a matter

overlooked may warrant reconsideration, but only where it has the

capacity to change the result of the original decision.  See

Hudson United Bank v. Berwyn Holdings, Inc., 2000 WL 1595961,

at *1 (E.D.Pa. Oct. 25, 2000)(Kelly, James McGirr, S.J.), which

notes that "the Court can only disturb its prior ruling if the

newly apparent fact would alter the Court's legal conclusions."

That is, "if the error of fact has no effect on the Court's

decision, reconsideration is inappropriate."  Id.

---

[11]     The Pastor letter was presented to me, through the Kahn letter,
approximately ten months after the September hearing on the motion to dismiss,
but before the filing of the November 19, 2009 Opinion.  To the extent it is
therefore not properly characterized as "new evidence", defendant Mellon
appears to contend that I erred in not specifically addressing it in the
Opinion.

Here, defendant Mellon seeks reconsideration for the purpose of specifically addressing the Pastor letter, which he contends shows that plaintiffs did not detrimentally rely on defendants' prior position that Count XIII of the arbitration complaint should be addressed in court rather than in arbitration.

At the September 2, 2008 hearing before me, plaintiffs' counsel, Attorney Smith, represented that aside from "an issue dealing with the rec center", the arbitration was "all but over" as of that time.[12]  Defendant Mellon contends that the Pastor letter refutes this representation and establishes that plaintiffs actually are pursuing the Count XIII claims in arbitration.  Therefore, he asserts that there is no detrimental reliance.

As noted above, the Pastor letter advises the arbitration panel that the Superior Court of Pennsylvania had "issued its decision on Strausser's appeal" affirming the panel's decision.  It also advises that plaintiffs "have plead and preserved [their] right to seek legal fees from Strausser on this and several other causes of action.  We will be pursuing such claims."  However, although the Pastor letter indicates that a copy of the Superior Court's decision was attached, the letter

---

[12]    Notes of Testimony of the hearing conducted on September 2, 2008 before me in Philadelphia, Pennsylvania, styled "Hearing before the Honorable James Knoll Gardner[,] United States District Judge" ("N.T. 9/2/08"), at page 36, lines 16-18.

itself does not indicate the specific nature of the panel's decision or the issues raised in the appeal.

In response to defendant's motion for reconsideration, plaintiffs attach a copy of the Superior Court's decision in Strausser Enterprises, Inc. v. Segal and Morel, No. 2233 EDA 2008 (Pa.Super. July 8, 2009)(non-precedential).[13]  A review of that Memorandum confirms that, as plaintiffs contend, the issue before the Superior Court was a contractual dispute regarding construction of a recreation center.  It appears generally unrelated to plaintiffs' instant claims that they are entitled to attorneys' fees from litigation involving the Hovnanian agreement.

Defendant Mellon has not established that the Pastor letter specifically refers to the issues presently before this court.  Moreover, because the Superior Court decision does not indicate that issues in this case were implicated in its Memorandum, I cannot conclude that the Pastor letter establishes that arbitration of the claims giving rise to this lawsuit are,

---

[13]     At oral argument on defendant's motion to dismiss, plaintiffs' counsel provided me with a copy of this Superior Court decision.  (See Notes of Testimony of the argument before me on January 13, 2010, styled "Oral Argument Before the Honorable James Knoll Gardner[,] United States District Court Judge" ("N.T. 1/13/10"), at page 18.)  Although a copy of the decision was not attached to defendant Mellon's motion, it appears he does not dispute that this particular decision is, in fact, the opinion referred to in the Pastor letter.

or were at the time, ongoing.[14]

Therefore, to the extent the Pastor letter was overlooked in my November 19, 2009 Opinion, it does not contain anything which would change the result of my original determination that plaintiffs relied to their detriment on defendants' earlier position (before Count XIII was withdrawn from arbitration) that the Count XIII claims should be heard in court.  See Hudson United Bank, 2000 WL 1595961, at *1. Accordingly, reconsideration is not warranted on this ground.

Defendant Mellon also contends that plaintiffs' motion to dismiss SEI's counterclaims on the basis that those counterclaims are subject to arbitration is "new evidence" that indicates there has been no detrimental reliance.  That is, defendant Mellon avers that plaintiffs wish to have certain claims arbitrated, and that therefore the claims at issue in

---

[14]     I note that the Pastor letter does state, vaguely, that S&M intended to pursue claims for "legal fees from Strausser on this and several other causes of action".  It is unclear what the "several other causes of action" are.  However, it is defendant Mellon's burden, as the movant, to establish one of the permissible grounds for reconsideration.  Max's Seafood Café, 176 F.3d at 677.  Although it is theoretically possible that the "several causes of action" regarding which S&M is pursuing legal fees in arbitration according to the Pastor letter includes the instant matter, defendant Mellon has not so established.

Based on the Pastor letter, I cannot conclude that, as defendant Mellon contends, the parties are presently arbitrating the very same claims which are currently before this court.  Therefore, even to the extent the Pastor letter suggests that there may be ongoing arbitration proceedings regarding legal fees having to do with issues other than the recreation center, I cannot conclude that consideration of the Pastor letter would alter my legal conclusions in the November 19, 2009 Opinion because it does not provide less support for my determination that plaintiffs detrimentally relied by withdrawing Count XIII from the arbitration proceeding.  Hamilton, 322 F.3d at 787; Hudson United Bank, 2000 WL 1595961, at *1.

plaintiffs' Complaint can similarly be arbitrated without any detriment.

Plaintiffs respond that their contention that SEI's counterclaims are arbitrable is unrelated to the issue of whether plaintiffs suffered any detriment by withdrawing Count XIII from arbitration and pursuing the issues arising therefrom in federal court, incurring the expense of this litigation. Moreover, plaintiffs aver that they have taken no inconsistent position: that is, they contend that they have always wished to arbitrate issues arising from the purchase agreements, with the exception of Count XIII, which they withdrew from arbitration based on defendants' earlier representation that the claims contained therein were more properly heard in court.

Defendant Mellon cites no legal authority in support of his suggestion that plaintiffs' attempt to invoke the arbitration provision with regard to SEI's counterclaims is new "evidence" for purposes of reconsideration. Moreover, to the extent such a procedural posture could be construed as "evidence", he has not established that plaintiffs' attempt to invoke the arbitration provision for purposes of SEI's counterclaims shows that they suffered no detriment by withdrawing Count XIII from arbitration and pursuing those issues in court.

In other words, although Attorney Mellon suggests that there would be no *further* detriment to plaintiffs if all of their

-19-

claims were to be pursued in arbitration, he has not shown (nor does he contend) that remanding plaintiffs' claims to arbitration at this juncture would somehow ameliorate the detriment they have *already* suffered by expending the time, effort and resources to litigate their claims here, rather than in arbitration.

Therefore, defendant Mellon has not met his burden of persuading me that plaintiffs' position regarding the counterclaims provides less support for my November 19, 2009 decision. <u>Hamilton</u>, 322 F.3d at 787. Accordingly, reconsideration on that basis is not warranted.

<u>Manifest Injustice</u>

Defendant Mellon also appears to contend that reconsideration is also warranted to avoid a manifest injustice. Specifically, he avers that attributing a client's position to its attorney creates a troublesome rule whereby an attorney could be required to challenge his client's position in order to protect his own rights later on in the event of litigation asserted against him personally. Moreover, defendant Mellon avers that he should not be foreclosed from exercising his own rights (here, he avers that he has the right to invoke the arbitration provision) when he is personally sued because of actions taken earlier by his client. He argues that the effect of my November 19, 2009 is inconsistent with an attorney's need to be able to freely serve his client's interests.

-20-

Additionally, defendant Mellon contends that he did not actually change positions, because although he was present at the arbitration hearings, he did not personally assert SEI's earlier position that Count XIII should be heard in court.  He avers that that position, which was stated by other counsel for SEI, should not be attributed to him for purposes of estoppel.

Plaintiff responds that it is neither controversial nor unfounded that an attorney is bound, as his client's agent, by his client's positions.  Moreover, plaintiff argues that this argument is merely a second "bite at the apple" because Attorney Mellon made exactly the same argument on the motion to dismiss, and that I rejected the argument in my November 19, 2009 Opinion when I determined that for purposes of the motion to dismiss, Attorney Mellon is the same party as SEI because he was present at the arbitration proceedings on the Northampton County action.

Where the grounds for the motion for reconsideration are to correct a manifest injustice, "the party must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'"  Payne, 2006 U.S.Dist. LEXIS 89251, at *5-6 (quoting In re City of Philadelphia Litigation, 158 F.3d 711, 718, 720-721 (3d Cir. 1998)).  Moreover, the manifest injustice standard is not met merely by rehashing arguments already addressed by the court.  See Seidman v.

-21-

American Mobile Systems, 965 F.Supp. 612, 629 n.2 (E.D.Pa. 1997) (Robreno, J.).

In supplemental briefing in support of his motion to dismiss, Attorney Mellon made an argument similar to the argument he makes here on reconsideration, i.e., he previously argued that he was not a party to any agreement to withdraw Count XIII from arbitration.  Moreover, he argued that although he was present when the issue was discussed, "he did not attach any significance to discussions about the issue as he was not involved and not handling that aspect of the litigation.  He did not make a determination in his own mind about where Count 13 should be heard.  He did not even recall that there were such discussions until Plaintiffs raised it in response to the Motion to Dismiss."[15]

His contention on reconsideration that SEI's earlier position about Count XIII should not be attributed to him is essentially the same argument that he already made, and which I rejected.  Thus, it is not an appropriate ground for reconsideration.  See Seidman, 965 F.Supp. at 629 n.2.  Moreover, he cites no legal authority suggesting that I erred in concluding that he should be deemed to be the same party as his client when

---

[15]     Supplemental Memorandum of Defendant Leonard Mellon, Esq. in Support of Motion to dismiss or Stay Litigation and Compel Arbitration, which supplemental memorandum was filed October 11, 2008 (Document 64), at 5.

performing his duties as a lawyer within the course and scope of that representation.

Attorney Mellon argues that application of my November 19, 2009 Opinion would work a manifest injustice by creating a situation in which an attorney's ability to represent his client could be hampered by his need to protect his own interests in future litigation.  He cites no case law in support of this proposition.  Moreover, as discussed above, he has not established that my determination that he is bound by his client's earlier position was clear error.  See In re City of Philadelphia Litigation, 158 F.3d at 720-721.

That is, even assuming that my decision could create the effect he describes, defendant Mellon has not persuaded me that my prior decision was "clearly wrong and that adherence to the decision would create a manifest injustice.'"  Payne, 2006 U.S.Dist. LEXIS 89251, at *5-6 (quoting In re City of Philadelphia Litigation, 158 F.3d at 720-721) (emphasis added).

<u>Judicial Estoppel</u>

Attorney Mellon contends that my November 19, 2009 Opinion contains inappropriate comments about the applicability of the doctrine of judicial estoppel.  Because I determined that the doctrine of equitable estoppel applies in this case, I did not specifically address whether the elements of judicial estoppel had been met.  However, I noted that this court would

-23-

not countenance "fast and loose" litigation tactics, which the doctrine of judicial estoppel seeks to redress.

Although my November 19, 2009 Opinion speaks for itself in this regard, nothing in the discussion should be construed as a determination that judicial estoppel applies in this case. Rather, as the Opinion makes clear, I did not discuss the elements of judicial estoppel as applied to this case. My remarks are simply a reminder to the parties of the importance of general principles of fair play, substantial justice, and due process of law.[16]

As discussed above, defendant Mellon has not established that my conclusions are clearly wrong and that adherence to the Opinion would create a manifest injustice. Accordingly, I deny the motion for reconsideration.

---

[16] Defendant Mellon suggests that my discussion of judicial estoppel indicates a misunderstanding of the procedural history of this case based on my reference to "defendants' changed position on whether plaintiffs' claims may properly be brought in court" (Opinion at 17). Apparently construing this as referring to the Strausser defendants' withdrawal from the motion to dismiss, he avers that the Strausser defendants did so for tactical reasons, but that they still maintain the position that arbitration of the claims would be proper and warranted.

My November 19, 2009 Opinion speaks for itself, however, to the extent clarification is necessary, I note that my reference to "defendants' changed position" refers not to the procedural fact that the Strausser defendants are no longer pursuing the motion to dismiss and compel arbitration, but rather to the change in position which is relevant to my equitable estoppel determination. That is, during the arbitration proceedings, the Strausser defendants took the position that Count XIII should be heard in court. They now contend (and continue to contend, as defendant Mellon points out, notwithstanding their withdrawal from the motion to dismiss) that plaintiffs' claims in this federal action arising from Count XIII should be remanded to arbitration. That is the "changed position" to which I referred on page 17 of the Opinion.

-24-

## CONCLUSION

For all the foregoing reasons, I deny Defendant Leonard Mellon, Esquire's Motion for Reconsideration of the Court's Opinion and Order on Motion to Dismiss or Stay.