IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SEGAL, ADAM SEGAL, as trustee for and on behalf of THE KAREN AND KENNETH SEGAL DESCENDANTS TRUST, and SEGAL AND MOREL, INC.<br><br>Plaintiffs,<br><br>v.<br><br>STRAUSSER ENTERPRISES, INC., GARY STRAUSSER, and LEONARD MELLON,<br><br>Defendants. | CIVIL ACTION<br>NO. 07-4647 |

## MEMORANDUM

**SCHMEHL, J.**  /s/ JLS                                                                                              October 24, 2019

      This matter is before the Court following Strausser Enterprises, Inc., Gary Strausser, and Leonard Mellon's (collectively, "Defendants") Motions for Reconsideration or, in the Alternative, Certification of an Interlocutory Appeal. (ECF Docket No. 414-15) Defendants Strausser Enterprises, Inc. and Gary Strausser ("Strausser Defendants") filed their Motion (ECF Docket No. 414) on June 24, 2019. Defendant Leonard Mellon filed his Motion on June 24, 2019, joining Strausser Defendants' Motion and largely incorporating it by reference.[1] (ECF Docket No. 415) Plaintiffs filed a Response in Opposition to both Motions on July 22, 2019. (ECF Docket No. 424)

      These Motions seek reconsideration, or certification for interlocutory appeal, of this Court's June 12, 2019 Order denying summary judgment. (ECF Docket No. 412) The present

---
[1] Section II. A. 4. of Strausser Defendants' Memorandum is not incorporated. (ECF Docket No. 415, at 1)

Memorandum incorporates by reference this Court's June 12, 2019 Memorandum denying Defendants' motions for summary judgment. (ECF Docket No. 411)

I.  **MOTIONS FOR RECONSIDERATION**

   a. Standard of Review

Our Court of Appeals has recognized that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence … [w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1995). It follows, then, that a moving party must establish one of the following to prevail: "(1) there is newly available evidence; (2) [there is] an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." *Brunson Communs., Inc. v. Arbitron, Inc.*, 246 F.Supp.2d 446, 447 (E.D. Pa. 2003).

   b. Analysis

Here, there is no basis to reconsider this Court's June 12, 2019 Order denying summary judgment. (ECF Docket No. 412) Defendants have neither presented new evidence nor submitted to the Court that there has been an intervening change in the controlling law. (ECF Docket No. 414-15) Moreover, this Court did not commit a clear error of law and manifest injustice has not occurred.

This Court's June 12, 2019 Order and Memorandum appropriately applied the well-settled law of issue preclusion as well as the equitable doctrine of *lis pendens*. (ECF Docket No. 411-12) Furthermore, Defendants have not identified any precedent indicating that this Court's treatment of the Rinaldi Agreement and Assignment constitutes a clear error of law that would

merit reconsideration.  Finally, this Court correctly denied all Defendants' motions for summary judgment regarding punitive damages because "corporate officers may be personally liable for tortious acts … even when those acts are committed within the scope of their employment." *Walsh v. Alarm Sec. Grp., Inc.*, 95 F. App'x 399, 401 (3d Cir. 2004).

In his Motion, Mr. Mellon supplements Strausser Defendants' Motion with three additional arguments.  (ECF Docket No. 415, at 2-3)  First, Mellon again argues that because he is in privity with Strausser Defendants issue preclusion prevents Plaintiffs from pursuing a claim against him (*Id.*, at 2).  This Court has already ruled that issue preclusion does not apply in this matter.  (ECF Docket No. 412)  In his Motion, Mr. Mellon does not present any new facts or law that might prompt reconsideration.

Second, Mellon cites *Fowle v. C & C Cola* for the proposition that "district courts may not rely on a plaintiff's unsworn expert report to create a supposed issue of fact barring summary judgment."  (ECF Docket No. 415, at 3)  While our Court of Appeals in *Fowle v. C & C Cola* recognized that an unsworn statement does not meet the requirements of Federal Rule of Civil Procedure 56(e), it also underscored that "evidence should not be excluded on summary judgment on hypertechnical grounds." *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d. Cir. 1989). Further, the Court in *Fowle* was only "swayed in [that] case by the fact that defendants raised this issue in the district court, and plaintiff did nothing to correct the error before that court." *Id*. As such, any "hypertechnical" argument regarding Plaintiffs' expert report is at best premature.

Third, Mellon argues again that his conduct must be measured by precedent that "recognizes a duty upon an attorney to present and prosecute a client's claim and holds the attorney cannot be liable even if the attorney is aware that the chances of success are small." (ECF Docket No. 415, at 3) (citing *Broadwater v. Sentner*, 725 A.2d 779, 784 (Pa. Super. 1999))

This issue was previously argued in Mr. Mellon's Motion for Summary Judgment. (ECF Docket No. 397, at 8-9) Mr. Mellon presents no basis for reconsideration in the Motion presently before the Court.

## II. MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEAL

### a. Standard of Review

Generally, federal appellate courts have jurisdiction to hear appeals only from "final decisions" of district courts. *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004) (citing 28 U.S.C. § 1291). Appeals from a district court order denying summary judgment are not normally heard. *Id*.

To certify an order for interlocutory appeal a district court must, pursuant to 28 U.S.C. § 1292(b), find that: (1) "such order involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Indeed, such certification is "the exception" and will only be granted "in the rare case where an immediate appeal would avoid expensive and protracted litigation." *Titelman v. Rite Aid Corp.*, 2002 U.S. Dist. LEXIS 11290, at *3 (E.D. Pa. Feb. 5, 2002). As such, courts consider the "uniqueness, exceptionality, or extraordinary importance of the question of law involved, and the magnitude of [the] case itself." *Id*. (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 478 F.Supp 889 (E.D. Pa. Aug. 21, 1979)). The moving party bears the burden of showing "exceptional circumstances [that] justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment." *Id*., at *4 (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1112 (E.D. Pa. 1992)).

b. <u>Analysis</u>

The moving parties in this matter have not met their burden. Defendants have not shown the issues before this Court to be so exceptional as to warrant a departure from the strong federal policy against certification of an interlocutory appeal. As such, there is no basis to certify this Court's June 12, 2019 Order for an interlocutory appeal.

First, the Order in question does not involve a controlling question of law. Our Court of Appeals has explained that "the clear case of a controlling question of law [is] one which would result in a reversal of a judgment after final hearing." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d. Cir. 1974). The Court of Appeals has further elaborated that "[t]he key consideration is … whether [the order] truly implicates the policies favoring interlocutory appeal." *Id*. at 756. Among these policies are avoiding harm from a possibly erroneous interlocutory order and the avoidance of wasted litigation time and expense. *Id*. Here, Defendants contend that this Court erred in its application of the issue preclusion doctrine to Phase III. (ECF Docket No. 414, at 3-10) Even if the Court of Appeals were to find that this Court erred in this doctrinal application, Plaintiffs other claims would remain. Therefore, granting certification for interlocutory appeal would likely result in added litigation time and expense and the facts weigh against the existence of a controlling question of law.

Second, there is no substantial ground for difference of opinion as to this Court's application of issue preclusion in the present matter. A substantial ground for difference of opinion exists "when there is genuine doubt or conflicting precedent as to the correct legal standard." *Bradburn Parent Teacher Store, Inc. v. 3M*, 2005 U.S. Dist. LEXIS 15815, at *12. (E.D. Pa. July 29, 2005). Defendants assert that "the June 12, 2019 Order required the resolution of several difficult issues regarding the applicability of issue preclusion in this judicial circuit,"

5

but do not present any genuine doubts or conflicting precedent suggesting that the doctrine of issue preclusion is unsettled law. (ECF Docket No. 414, at 19) A doctrine that is difficult to apply is not inherently unsettled law; difficulty of application does not inherently provide substantial ground for difference of opinion. Here, Defendants disagree with this Court's application of the doctrine, and cite to cases involving issue preclusion where district courts have granted certification for interlocutory appeal (Id., at 18-22). However, they do not ultimately argue that the doctrine of issue preclusion is unsettled law in this Circuit. As such, there can be no substantial ground for difference of opinion in this matter.

Third, certification of this Court's June 12, 2019 Order for interlocutory appeal would not materially advance the ultimate termination of the litigation. Indeed, Strausser Defendants concede[2] in their Motion that "the Court's determination concerning issue preclusion, if later deemed [t]o be erroneous, would constitute reversible error and likely require reversal and a new trial." (ECF Docket No. 414, at 18) Indeed, certifying this Court's Order for interlocutory appeal would only materially advance the ultimate termination of this litigation if our Court of Appeals determines that Defendants are entitled to summary judgment. However, that is the case any time a district court denies a motion for summary judgment. *United Nat'l Ins. Co. v. Aon Ltd.*, 2008 U.S. Dist. LEXIS 28249, at *13 (E.D. Pa. April 7, 2008). Thus, a favorable ruling for Defendants on appeal would likely result in an even more protracted process. Accordingly, it is unlikely that certifying this Court's Order for interlocutory appeal would materially advance the ultimate termination of litigation here and there is no basis to do so.

---

[2] As previously discussed, Defendant Leonard Mellon incorporates this section Strausser Defendants' Motion by reference. (ECF Docket No. 415, at 1)

## III. <u>**CONCLUSION**</u>

In the accompanying order, this Court denies Defendants' Motions for Reconsideration or, in the Alternative, Certification of an Interlocutory Appeal. (ECF Docket No. 414-15) Defendants have provided no basis for either the reconsideration of this Court's June 12, 2019 Order or the certification of that Order for an interlocutory appeal.