IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SEGAL, ADAM SEGAL,<br>*As trustee for and on behalf of*<br>THE KAREN AND KENNETH SEGAL<br>DESCENDANTS TRUST, and SEGAL AND<br>MOREL, INC., | CIVIL ACTION<br>NO. 07-4647 |
| Plaintiffs, | |
| v. | |
| STRAUSSER ENTERPRISES, INC.,<br>GARY STRAUSSER, and<br>LEONARD MELLON, | |
| Defendants. | |

## MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                     **SEPTEMBER 30, 2021**

In this nearly fourteen-year litigation, plaintiffs Motion for Leave to File an Amended Complaint to "clarify" their malicious prosecution claim under the Dragonetti Act. In sum, under the Dragonetti Act, a plaintiff may prove a defendant's liability by showing gross negligence or intentional conduct, and the parties litigated this case with that general understanding. But in a related insurance case, the Third Circuit held that plaintiff's Complaint only pleads allegations of intentional conduct, and fails to plead gross negligence. Now, plaintiffs seek to file an Amended Complaint to plead allegations of "gross negligence and/or intentional conduct." The Court hereby permits plaintiffs to file the Amended Complaint because the Dragonetti Act supports such liability and the parties litigated the issue of gross negligence throughout this case.

I.   **Factual Background**

The Court writes predominately for the parties and this factual background only pertains to the instant Motion because this case has a long procedural and factual history that the Court and parties are very familiar given the past fourteen years. Plaintiffs' original Complaint contains four counts, one of which, count III, is for malicious prosecution under 42 Pa. C.S. § 8351, *et seq.*, also known as the Dragonetti Act. In a related insurance declaratory action case, the Third Circuit held that an insurer need not defend the Strausser defendants in this case because while the plaintiffs can succeed on count III by proving gross negligence and/or intentional conduct, the complaint only alleges intentional conduct and does not allege gross negligence. *Regent Ins. Co. v. Strausser Enters, Inc., et al.*, 814 Fed.Appx. 703, 709-10 (3d Cir. 2020). In other words, given the Third Circuit decision, plaintiffs may currently only recover under count III if they prove that defendant(s) violated the Dragonetti Act with intentional conduct despite that the Dragonetti Act supports liability for gross negligence.

Now, plaintiffs Motion for Leave to File an Amended Complaint so that they may "clarify" count III by including allegations such as, the defendants acted with "grossly negligent [] and/or without probable cause" in violation of the Dragonetti Act. (ECF #647-3, Exhibit 2, ¶ 123.)

The parties litigated this case from 2007 up until the Third Circuit's August 2020 insurance decision with the somewhat general understanding that plaintiffs could succeed on count III under either type of conduct, gross negligence or intentional conduct. The parties conducted fact discovery on gross negligence, each side has experts addressing gross negligence, and the parties' dispositive motions addressed gross negligence. Adjudicating this Motion for

Leave to File an Amended Complaint will provide clarity and finality as to what type of conduct plaintiffs must prove to succeed on count III.[1]

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a plaintiff may amend their complaint within 21 days of serving it or within 21 days of a responsive pleading, or if those times have passed then "court[s] should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). The Third Circuit instructed that courts may deny an amendment if the record reflects that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 260, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. Analysis

   1. <u>Plaintiffs have not demonstrated undue delay, bad faith or dilatory motives.</u>

Defendant Mellon argues that plaintiffs have demonstrated undue delay and bad faith because this Motion was filed more than thirteen years after the case was filed, it is after the close of discovery, and it is close to trial. But in contradiction to defendant Mellon's arguments, the parties' fact discovery, expert discovery and dispositive motions addressed the issue of gross negligence and the Dragonetti Act, and discovery had only recently closed. Additionally, had the Third Circuit not decided the related insurance case, count III would have very likely proceeded to trial under gross negligence and/or intentional conduct. This proposed amendment will permit plaintiffs to succeed on a claim that the statute clearly supports, and that the parties have litigated throughout this case. Therefore, the Court find that plaintiffs have not demonstrated undue delay or bad faith despite the age of this case and the current case scheduling order.

---

[1] The Strausser defendants, Gary Strausser and Strausser Enterprises, Inc., consent to the Amended Complaint, but defendant Leonard Mellon contests the Amended Complaint in its entirety, or at the very least, as it applies to him.

    **2.** <u>The proposed amendment is not futile.</u>

Defendant Mellon argues that the proposed amendment is futile because the statute of limitations has expired on the "new claim" and the law of the case doctrine dictates that plaintiffs can only plead intentional conduct.

Under Federal Rule of Civil Procedure 15(c), "a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) (citation omitted). In other words, a party may amend their pleading with permission of the court and regardless of the statute of limitations so long as the amendment and the original pleading have a "common core of operative facts." *Id.* Thus, "court[s] look to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Id.*

Here, defendant Mellon clearly had fair notice as the parties litigated the issue of gross negligence, and Mellon retained two experts to address gross negligence and the Dragonetti Act. Mellon responds by citing various decisions holding that "[u]nder Pennsylvania law, there is a prohibition against amendments which allege a different or new cause of action after the running the applicable statute of limitations," and "a new cause of action arises when a new or different type of negligence, other than one originally contained in the complaint, is proposed." *Ozoemena v. City of Philadelphia*, 1997 U.S. Dist. LEXIS 15282, *19-21 (E.D. Pa. Sep 30, 1997); *Jones v. Cheltenham Township*, 542 A.2d 1258 (Pa.Super. 1988). Those cases are distinguishable for two reasons. First, those decisions do not address Rule 15(c)'s relation back doctrine, and second, this case is unique in that the parties have been litigating the gross negligence issue since the

case's inception and only until the Third Circuit's insurance decision did the parties truly doubt the existence of liability for gross negligence.

While the Amended Complaint states a new type of negligence that was not pled in the original complaint, the new type of negligence still strongly relates back to the original complaint, the discovery throughout the case, and it is supported by the Dragonetti Act. *See Bensel*, 387 F.3d at 310; *see also Tenon v. Dreibelbis*, 190 F.Supp.3d 412, 415-517 (M.D. Pa. 2016); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 20-2829, 2021 WL 3923389 (3d Cir. Sept. 2, 2021) (discussing Rule 15(c) in related to the statue of repose). Therefore, defendant Mellon's statute of limitations argument is rejected.

Next, the law of the case doctrine "limits relitigation of an issue once it has been decided in an earlier stage of the same litigation" so as to promote "finality, consistency, and judicial economy." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (citations omitted). Here, the Court is presented with whether plaintiffs should be permitted to amend their complaint, not whether the original complaint pleads gross negligence. While this tactical move by plaintiffs may indeed circumvent the Third Circuit's insurance decision, it does not present an issue that the Third Circuit adjudicated. Therefore, because this Motion is a distinct issue and in a different case, the law of the case doctrine based upon the Third Circuit's insurance clearly decision does not apply to the present Motion for Leave to Amend.

    **3.** <u>Mellon is not overly prejudiced.</u>

Defendant Mellon compiles all the arguments above to further argue that he would be unduly and severely prejudiced by the Amended Complaint. Mellon is of course prejudiced by this Amended Complaint because it expands his liability under count III from intentional conduct to intentional conduct and/or gross negligence. *See Dole v. Arco Chemical Co.*, 921 F.2d 484,

488 (3d Cir. 2012) (explaining that the nonmoving party must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.") (citations omitted). But Mellon need not deploy new defenses nor obtain new experts because he and the other defendants have already prepared for this. As repeatedly stated, the case has proceeded under the general understanding that plaintiffs could prevail on count III under either type of conduct. Only after the Third Circuit related insurance decision did this issue come to fruition. Therefore, because the parties litigated this case with the understanding that plaintiffs could succeed on count III by proving gross negligence and/or intentional conduct, the Court finds that Mellon will not be overly prejudiced by this amendment so that denial of it is warranted.

## IV.  Conclusion

For the above reasons, plaintiffs' Motion for Leave to File an Amended Complaint is GRANTED. An Accompanying Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.